UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK OLSON,<br>ERICK OLSON (ACCOUNT),<br>BOB WESTERN DELIVERY, and AIRNET<br>EMPLOYEES (BANKS),<br><br>　　　　　Defendants. | Civil No. 11-2309 (DWF/FLN)<br><br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

　　　　An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

　　　　To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:

the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

> "FBI – We have talked
> 9/11/01
> 9/17/01
> Federal Reserve I was injured on the way to it on previous date."

(Complaint, p. 4, ¶ 7.)

Based on these meager and meaningless allegations, Plaintiff is seeking relief described as follows:

> "Historical configuration
> Regulate."

(Id., "Request for Relief.")

Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's current complaint clearly fails to state any claim on which relief may be granted. The obvious deficiencies in the complaint include at least the following:

(1) There is nothing in the complaint showing the existence of federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).[1]

---

[1] Plaintiff has checked a box on the complaint form that he used, which indicates that subject matter jurisdiction is based on the existence of a federal question. (Complaint,

(2) The complaint does not describe any specific acts or omissions by any of the named Defendants. (Indeed, nothing in Plaintiff's pleading provides even the faintest clue as to why he is attempting to sue the named Defendants.)

(3) The complaint does not describe any legal basis for Plaintiff's claims.

(4) The complaint does not adequately describe the nature of the relief that Plaintiff is seeking, (if any), or why any relief would be appropriate.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Because Plaintiff's complaint does not set forth sufficient allegations to state any claim on which relief could be granted, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 11, 2011                s/ *Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge

---

p. 3, § 3.) The complaint form also directed Plaintiff to identify the specific "Federal Constitutional, statutory or treaty right at issue," but Plaintiff offered only an anomalous and meaningless response – the word "issue." (Id., § 4.) Thus, Plaintiff has failed to identify any specific federal question presented in this case that could establish federal jurisdiction.

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 26, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.